FILED
2008 Jun-05 PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **JUDY S. EVANS and GEORGE EVANS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CASE NO:  CV 08-B-0939-W |
| | ) |
| **ARAMARK; ARAMARK CAMPUS SERVICES, INC.; and Fictitious Defendants A through Z whose Identities are otherwise unknown to Plaintiffs and who will be added by Amendment upon being ascertained,** | ) |
| | ) |
| **Defendants.** | ) |

### ARAMARK EDUCATIONAL SERVICES, LLC'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, the Defendant, ARAMARK Educational Services, LLC, (hereinafter "ARAMARK") improperly designated as ARAMARK and ARAMARK Campus Services, Inc. and in response to Plaintiffs' Complaint states as follows:

### ANSWER

1. ARAMARK admits that it is a foreign corporation organized and existing under the laws of the State of Delaware having its principal place of business in the State of California.

2. Except as admitted herein, ARAMARK denies the allegations set forth in Plaintiffs' Complaint and demands strict proof thereof.

### Affirmative Defenses

3. The applicable statute of limitations bars Plaintiffs' claims.

4. Parties other than ARAMARK are responsible for Plaintiffs' damages.

5. Plaintiffs' claims are barred by assumption of risk.

6. Plaintiffs' claims are barred by contributory negligence.

7. Plaintiff had last clear chance to avoid the incident made the basis of Plaintiffs' Complaint.

8. Plaintiffs have failed to use reasonable care to mitigate the damages by taking reasonable measures to prevent and/or minimize the losses they are claiming as damages in this case, thereby barring or proportionally diminishing its claim for damages in this case.

9. Plaintiffs' Complaint fails to state a cause of action against ARAMARK upon which relief can be granted.

10. The Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and are in contravention of Defendant's rights under each of the following constitutional provisions:

    a. An impermissible burden on interstate commerce arising out of Article I, Section 8 of the United States Constitution;

    b. The Contracts Clause of Article I, Section 10 of the Unites States Constitution;

    c. The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Equal Protection of the laws afforded by the Fourteenth Amendments to the United States Constitution for the following reasons:

        (i) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to

        impose punitive damages which are penal in nature against civil defendant upon the Plaintiff satisfying a burden of proof which is less than a reasonable doubt burden of proof required in criminal cases;

  (ii)    The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which is contrary to the Due Process and Equal Protection Clauses;

  (iii)    The procedure by which punitive damages are awarded do not provide a reasonable limit on the amount of the award against Defendant;

  (iv)    The procedures by which punitive damages are awarded do not provide specific standards for the amount of the award of punitive damages which violates the Due Process and Equal Protection Clauses;

  (v)    The procedures by which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

  (vi)    The procedures by which punitive damages are awarded allow the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct.

d.    The constitutional prohibition against vague and over broad laws;

e.    The awarding of punitive damages and the procedures by which such damages are awarded permit the imposition of excessive fines which is in violation of the Eighth Amendment to the United States Constitution.

11. The Plaintiffs' claim for punitive damages violates the prohibition against *ex post facto laws* in Article I, Section 22 of the Alabama Constitution.

12. The award of punitive damages in this case would be in violation of the Contracts Clause of Article I, Section 22 of the Constitution of Alabama.

13. Plaintiffs' claim for punitive damages violates the Due Process Clause of Article I, Section 6 and/or 13 of the Constitution of Alabama, on the following separate and several grounds:

    (a) The procedures fail to provide a limit on the amount of the award against the Defendant.

    (b) The procedures fail to provide specific standards for the award punitive damages, and are unconstitutionally vague.

    (c) The procedures fail to provide specific standards for the amount of the award of punitive damages.

    (d) The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

    (e) The procedures permit multiple awards of punitive damages for the same alleged act.

    (f) The procedures fail to provide a clear consistent appellate standard review of an award of punitive damages.

    (g) The procedures permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined.

(h) The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

(i) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(j) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

14. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

15. The imposition of punitive damages against this Defendant without fair notice violates elementary notions of fairness. BMW of North America v. Gore, 116 S. Ct. 1589 (1996).

16. Plaintiffs' claims for punitive damages cannot be upheld to the extent they are in violation of Section 6-11-21, *Ala. Code* (1987) limiting the awards of punitive damages. Specifically, the Alabama Supreme Court's ruling in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993) that the $250,000 cap of an award of punitive damages pursuant to Section 6-11-21, *Ala. Code* (1987) was unconstitutional is no longer valid case law. Therefore, as Section 6-11-21, *Ala. Code* (1987) is effective and enforceable, the Court must apply Section 6-11-21, *Ala. Code* (1987) to any award of punitive damages in the case at bar. Oliver v. Towns, 738 So.2d 798, 804 n. 7 (Ala. 1999); Goodyear Tire & Rubber Company v. Vinson, 749 So. 2d 393 (Ala. 1999). Accordingly, any claim by Plaintiff for punitive damages in excess of $250,000 is barred pursuant to Section 6-11-21, *Ala. Code* (1987).

17. ARAMARK reserves the right to amend its Answer and Affirmative

Defenses upon the completion of discovery and as additional defenses become known to them.

WHEREFORE, ARAMARK Educational Services LLC, requests judgment be entered in its favor and against Plaintiffs as to all claims advanced by Plaintiffs against them, that the cost of this action be taxed against Plaintiffs, and that ARAMARK Educational Services LLC, receive such other relief as this Court may deem proper.

    /S/ Marc C. Dawsey
MARC C. DAWSEY, ESQ.
(ASB-1355-e54m)
Vernis & Bowling of Birmingham LLC
2100 SouthBridge Parkway, Suite 650
Birmingham, AL 35209
Telephone No. (205) 445-1026

Attorney for ARAMARK Educational Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice has been furnished by United States Mail, properly addressed and postage prepaid, on this 5 day of June, 2008 as follows:

Ray Ward, Esq.
Thomas W. Powe, Jr, Esq.
RAY, OLIVER, WARD & MCGEE, LLC
2020 University Boulevard
Post Office Box 20065
Tuscaloosa, AL 35402-0065

    /S/ Marc C. Dawsey
OF COUNSEL